IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS MOORE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:15-cv-01095-DGW |
| **TYLER D JOHNSON, et al.,** | ) ) ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge**

Now pending before the Court are Plaintiff's Motion for New Trial (Doc. 173), Defendants Hill, Loucks, and Shah's Motion to Strike Motion for New Trial (Doc. 176), Plaintiff's Motion for a Direct Finding Notwithstanding the Verdict and/or Motion for New Trial (Doc. 178), and Defendants Hill, Loucks and Shah's Motion to Strike Motion for Direct Finding or New Trial (Doc. 179). For the reasons set forth below the Court **DENIES** the Motion to Strike (Doc. 176) Moore's Motion for New Trial, **GRANTS** the Motion to Strike (Doc. 179) Moore's Motion for Direct Finding, and **DENIES** Moore's Motion for New Trial (Doc. 173).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Thomas Moore filed this lawsuit in October 2015 alleging excessive force, conspiracy, and failure to provide or obtain medical attention. Moore's claims were tried to a jury in August 2018, and the jury found in favor of Defendants. The Court entered judgment on September 5, 2018 (Doc. 158). The same day, Moore filed a Notice of Appeal (Doc. 159). Twenty-one days later, on September 28, 2018 Moore filed a *pro se* motion for new trial (Doc. 173). Subsequently, on October 5, 2018 Moore filed another *pro se* motion, this time requesting a

judgment notwithstanding the verdict, or in the alternative, a new trial (Doc. 178). Defendants Hill, Loucks, and Shah filed motions to strike both of Moore's motions (Docs. 176, 179).

## PRELIMINARY ISSUE

Moore has filed his pending motions under Federal Rule of Civil Procedure 50 (Doc. 173, p. 1; Doc. 178, p. 1). Under Rule 50, a party may make a motion for judgment as a matter of law any time before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). No later than 28 days after the entry of judgment, the movant may file a renewed motion for judgment as a matter of law. Fed. R. Civ. P. 50(b). Rule 50 specifically allows parties to file a motion for new trial under Rule 59 contemporaneously with a renewal of their motion for judgment as a matter of law under Rule 50. Fed. R. Civ. P. 50(b). Here, because Moore's counsel did not make a motion for judgment as a matter of law[1] before the case went to the jury, the Court construes both Moore's motions as requesting a new trial under Rule 59.

## I. MOTIONS TO STRIKE

Defendants have filed a motion to strike both of Moore's motions, arguing that because the case is pending on appeal this court has no jurisdiction to rule on the motions (Doc. 176, p. 2; Doc. 179, p. 2). Further, Defendants argue that Moore's second motion should be struck as untimely (Doc. 176, p. 2).

*Jurisdiction*

Defendants argue this Court does not have jurisdiction to consider Moore's motions for a new trial because of his notice of appeal (Doc. 176, p. 2; Doc. 179, p. 2). In general, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests a district court of control over aspects of a case involved in the appeal. *Griggs v. Provident Consumer Discount Co.,* 459

---

[1] The Defendants all moved for judgment as a matter of law, which the Court denied.

U.S. 56, 58 (1982); *Kusay v. United States,* 62 F.3d 192, 193 (7th Cir. 1995). Contrary to Defendants' argument, however, there are important limitations on this rule. It is well established in this Circuit that a district court has authority to entertain a Rule 60 motion for relief from judgment during the pendency of an appeal. *Doctors Nursing & Rehab. Ctr.,* 613 F.3d 672, 677 (7th Cir. 2010); *Chicago Downs Ass'n, Inc. v. Chase,* 944 F.2d 366, 370 (7th Cir. 1991); *Simons v. Gorsuch,* 715 F.2d 1248, 1252 (7th Cir. 1983).

> After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1, Advisory Committee Notes

In 2009, Federal Rule of Civil Procedure 62.1 was added, which expanded the practices most courts follow regarding a Rule 60(b) to "any motion." Fed. R. Civ. P. 62.1 Advisory Committee Notes. Rule 62.1 allows a court lacking authority due to a pending appeal to do one of three things: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1.

Thus, contrary to Defendants' arguments, it is within this Court's power to review Moore's motions for a new trial, and either deny the motion or make an "indicative ruling" if the Court is inclined to grant the motion.

*Timeliness*

Defendants' second argument is that Moore's second motion for a new trial should be struck as untimely (Doc. 176, p. 2). A party must file a motion for a new trial under Rule 59 no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). Under the

prison "mailbox rule", however, a document is deemed filed at the moment the prisoner places it in the prison mail system, rather than when it reaches the court clerk." *Hurlow v. United States*, 726 F.3d 958, 962 (7th Cir. 2013). The rule is justified because "the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Houston v. Lack*, 487 U.S. 266, 271 (1988). While the prison mailbox rule originally applied to notices of appeal, the Seventh Circuit has extended application of the practice to Rule 59 motions. *Edwards* v. *United States*, 266 F.3d 756, 758 (7th Cir. 2001).

Here, the Court entered judgment against Moore on September 5, 2018 (Doc. 158). Thus, Moore was required to place his motion in the prison mail system no later than October 3, 2018. Because he did not place the second motion into the prison mail until the following day, October 4, 2018 (Doc. 178, p. 3), his motion is untimely.

For the foregoing reasons, the Court **DENIES** the Motion to Strike (Doc. 176) Moore's Motion for New Trial (Doc. 173), but **GRANTS** the Motion to Strike (Doc. 179) Moore's Motion for Direct Finding or New Trial (Doc. 178).

## II. MOTION FOR NEW TRIAL

The basis for Moore's remaining Motion for a New Trial (Doc. 173) is that the jury's verdict was against the weight of the evidence.[2] Under Federal Rule of Civil Procedure 59, a new trial may be granted to any party on all or part of the issues tried "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In the Seventh Circuit, Rule 59 is construed to require a new trial where "the jury's verdict is against the

---

[2] Moore lists his claims as "[1] Plaintiff challenges the sufficiency of the evidence and the preponderance of the evidence favored Plaintiff, [2] That the Defendants did not overcome their burden" (Doc. 173, p. 1). Because the burden was on Moore to prove all of his claims, the Court will disregard the second argument.

manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

When considering whether the jury's verdict goes against the manifest weight of the evidence, a court analyzes the "general sense of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Mejia v. Cook Cnty.*, 650 F.3d 631, 633 (7th Cir. 2011) (citations omitted). However, "[a] verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008) (quoting *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)).

Here, the jury was confronted with two very different versions of the facts and was required to determine who they found credible. Moore testified that Defendants Raymond Allen, Mike Clark, Mac-Shane Frank, Anthony Harris, David Homoya, Michael Swetland, Seth Meracle, and Nick McRoberts participated in beating him, denied him access to medical care, and conspired with each other and Tyler Johnson to assault him. Moore further testified that Defendants Dustin Bowles, Federico Fernandez, Sean Furlow, Charles Heck and Marcus Myers deliberately denied Moore access to the Health Care Unit despite actual knowledge that he faced a substantial risk of serious harm. Finally, Moore testified that Defendants Kelli Loucks, Marcia Hill and Vipin Shah were deliberately indifferent to his medical needs when they refused to treat his injuries resulting from the assault. The jury heard from all of the Defendants, except Kelli Loucks, who denied Moore's claims and the underlying facts under oath. There were two additional witnesses, prison employees who were not defendants in the case, who testified they were present at the time and locations at issue and did not observe any of the behaviors Moore described.

In short, in order to prevail Moore had to convince the jury he was more credible than the

other eighteen witnesses. While the Court found Moore's testimony persuasive, it cannot say that no rational jury could have found the contrary evidence more credible. As such, Moore's Motion for a New Trial (Doc. 173) is **DENIED.**

## Conclusion

For the above stated reasons, the Court **GRANTS** the Motion to Strike (Doc. 179) Moore's second motion for a new trial (Doc. 178), **DENIES** the Motion to Strike (Doc. 176) Moore's first motion for a new trial (Doc. 173), but **DENIES** the Motion for New Trial (Doc. 173).

**SO ORDERED.**

**DATED: October 16, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**