IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THOMAS MOORE,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-01095-DGW |
| **TYLER D JOHNSON, et al.,** | ) |
| Defendants. | ) |

### ORDER

**WILKERSON, Magistrate Judge**

Now pending before the Court is the Bill of Costs filed by Defendants on September 13, 2018 (Doc. 167). For the reasons set forth below, the Bill of Costs is **DENIED**.

Plaintiff Ronald Barrow filed this lawsuit in October 2014 alleging eighth Amendment excessive force and deliberate indifference claims, as well as conspiracy. Moore's claims were tried to a jury in August 2018, and the jury found in favor of Defendants. Judgment was entered on September 5, 2018 (Doc. 158). In total, Defendants seek to have Moore pay $1,506.35 in costs for transcripts necessarily obtained for use in this case. Moore filed a timely objection to Defendants' Bill of Costs on September 21, 2018 (Doc. 492).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill

of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Moore was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (*see* Doc. 11). Further, Moore has provided his prison trust fund account statement for the previous six months (Doc. 180, p. 5). Moore is employed at Lawrence and his average monthly income is $14 to $15 (Doc. 180, p. 5). Although he receives about $40 to $50 per month from family to purchase goods at the commissary, his trust fund account a balance of $3.65 at the time he filed his objection (Doc. 180, p. 5). Accordingly, the Court finds that Moore is incapable of paying Defendants' costs at this time. Further, Moore's projected discharge date is not until 2023, thus he is unlikely to be able to make any payments for at least the next five years.

Turning to the amount of costs, Defendants seek a total of $1,506.35 in costs. That sum, while not astronomical, is substantial to a prisoner proceeding *in forma pauperis*. Moore filed this case in good faith, and, while the jury found in favor of Defendants, his claims were not frivolous.

For these reasons, the Court finds that the Bill of Costs (Doc. 167) is **DENIED.**

**SO ORDERED.**

**DATED: November 8, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**